UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY BJORNSTAD,

Plaintiff,

v.

ETHICON ENDO-SURGERY LLC, et al.,

Defendant.

CASE NO. 2:19-cv-01708-RAJ-BAT

**PROTECTIVE ORDER**

Before the Court is the Motion for Protective Order of Defendants Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery LLC ("Ethicon"). Dkt. 34. Following a telephonic hearing on October 20, 2020, Plaintiff Anthony Bjornstad filed his response (Dkt. 41) and Ethicon filed its reply (Dkt. 42). Based on a review of the parties' filings and this Court's model protective order, the Court grants the motion for protective order submitted by Ethicon, with minor changes as set forth herein.

BACKGROUND

This is a product liability action brought under the Washington Product Liability Act. Plaintiff asserts that Ethicon defectively designed and/or manufactured, and sold a surgical stapler, which caused Plaintiff injury when the stapler failed to properly fire during his surgery on March 22, 2018. Dkt. 21 (Second Amended Complaint).

PROTECTIVE ORDER - 1

On March 20, 2020, Plaintiff served discovery requests on Ethicon. Dkt. 35, Declaration of Aukjen Ingraham, ¶ 2. Ethicon responded on May 27, 2020, and objected producing any "confidential, proprietary, trade secret or personal information" prior to the entry of a protective order. *Id*. That same day, Ethicon's counsel sent a draft stipulated protective order to Plaintiff's counsel. Dkt. 35, Ingraham Decl., ¶ 3. The draft prepared by Ethicon was based upon the District's Model Protective Order and contains language previously approved in other similar products liability cases. *Id.*, Ex. A.

On July 17, 2020, Plaintiff's counsel returned the draft with redlined revisions. Dkt. 35, Ingraham Decl., ¶ 4, Ex. B. Plaintiff's counsel removed sections (b), (c), and (d) entirely from the "Confidential" material definition; removed the portion of section (h) regarding documents prepared for regulatory agencies (including confidential communications with the FDA); and removed language in Section 4.1 requiring that a receiving party may use confidential material only for prosecuting, defending, or attempting to settle this litigation. *Id*. at Ex. B. Plaintiff also proposed that the parties agree to the definition of a "trade secret" to classify documents to be deemed "Confidential," and inserted the following "upfront sharing provision":

> The law firm of Martin Baughman, PLLC may use the Confidential Information produced under this Order in any active pending cases relating to surgical staplers and staple reloads designed, manufactured, or distributed by the defendants named in this action so long as a similar protective order has been entered by the Court and the parties in the other pending case(s).

*Id*. at Ex. B.

## DISCUSSION

A party asserting good cause for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) has the burden, for each document it seeks to protect, of showing that specific prejudice

PROTECTIVE ORDER - 2

or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

F.3d 1122, 1130 (9th Cir.2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210–11 (9th Cir.

2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Under a blanket

protective order, a party producing documents is not initially required to show that the

documents designated by it as confidential are entitled to protection. Once the confidentiality

designation is challenged by other parties in the lawsuit, or by a third party who has standing to

seek the documents, then the party asserting confidentiality must make an actual showing of

good cause for their continued protection. *Foltz*, 331 F.3d at 1131.

The parties agree that discovery should be governed by a protective order restricting the

production of documents designated as "confidential." They are however, unable to agree as to

(1) categories of documents designated by Ethicon as "confidential"; and, (2) whether a

"sharing" provision should be included.

A.   Confidentiality Designations

Ethicon designated the following categories of documents as "Confidential":

    a)   Plaintiff's medical records and related personal medical information;

    b)   Defendants' customer and vendor information including, but not limited to, customer and vendor lists, contracts and/or agreements, marketing and sales policies and procedures;

    c)   Defendants' business information or materials, including, but not limited to, correspondence and communications; internal decisions, practices, policies, processes, and procedures; business and marketing plans; employee payroll and salary; inventory reports; licensee information; handbooks and policy manuals; and confidential agreements and contracts;

    d)   Defendants' financial records, including but not limited to, balance sheets, income statements, cash flow statements, sales reports and data, accounting records, and profit and loss statements;

PROTECTIVE ORDER - 3

e)      Proprietary information related to Defendants' business practices and procedures, including but not limited to, policy planning and implementation; product design and drawings; product manufacturing, testing, and quality control/quality assurance; trade secrets or other proprietary research, development or commercial information, including but not limited to business plans of financial information;

f)      Product Inquiry Investigation files;

g)      Private individual personal health or financial information; and

h)      Documents prepared for regulatory agencies, including confidential communications with the FDA. The names and addresses of patients and physicians shall be redacted, as well as all identifying information regarding the reporters in such a manner as not to redact material data contained in such reports and consistent with the requirements of 21 C.F.R. 20.63(f).

Plaintiff argues that the categories of documents included in paragraphs (b), (c), and (d) should not be designated "Confidential." Plaintiff is concerned that that there may be documents that otherwise fall within the listed categories that are not confidential, but Defendants will nevertheless designate such documents as confidential. This concern is misplaced as sections 5.1 and 6 of Ethicon's proposed protective order (which mirrors the District's Model Protective Order) address these concerns. Section 5.1 requires the parties to exercise restraint and care in designating material for protection:

Mass, indiscriminate, or routinized designation are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Section 6 of the proposed protective order, like the District's Model Protective Order, provides a process by which either party may challenge the confidentiality designation, which includes judicial intervention, if necessary.

PROTECTIVE ORDER - 4

Plaintiff also proposes that the parties should first agree to a definition of "trade secrets," which would then allow the parties to agree on what categories of documents can fairly be deemed "Confidential." Plaintiff proposes the parties use the definition of "Trade Secret" contained in the Washington Uniform Trade Act ("WTSA") and/or the Restatement of Torts.[1] Dkt. 41, p. 2

If information in dispute qualifies as a trade secret, the information may be prevented from disclosure. However, there is no basis to use the definition of what constitutes a trade secret as the starting point for designating confidential material because district courts have broad latitude to grant protective orders to prevent disclosure of materials for many types of information. This information may include, but is not limited to, trade secrets or other confidential research, development, or commercial information. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Additionally, Fed. R. Civ. P. 26(c)(1)(g) does not limit its reach to "trade secrets," but also allows for protection of "confidential commercial information." Accordingly, district courts

---

[1] Pursuant to the Restatement of Torts, "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757 cmt. B)) Pursuant to RCW 19.108.010(4), "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

PROTECTIVE ORDER - 5

1    have rejected attempts by parties to limit the scope of a protective order to "trade secrets." *See*,

2    *e.g*., *Nutratech v. Syntech International, Inc., et al.*, 242 F.R.D. 552 (C.D. Cal. 2007) (a showing

3    that customer lists, supplier lists, and sales and revenue information qualified as "trade secrets"

4    was unnecessary; it was sufficient for defendant to show the information is confidential and that

5    harm may result from disclosure to individuals other than attorneys and experts. *Id*. at 555, n. 4.

6           Plaintiff also argues broadly that Ethicon should not be permitted to designate as

7    "Confidential" marketing materials, customer lists, financial records, and outdated documents

8    that no longer have a competitive value. Plaintiff does not however, provide an example of any

9    such documents. On the other hand, Ethicon has provided the Court with evidence of marketing

10   documents containing confidential and propriety information, which have not been disclosed to

11   the public as well as financial documents containing confidential information, which if exposed

12   to its competitors, would cause Ethicon great harm. Dkt. 36, Declaration of Kristi Geier, ¶¶ 4-6.

13   Moreover, if Ethicon did designate a publicly available document as confidential, Plaintiff's

14   remedy can be found in the proposed protective order at Section 5.1, which authorizes sanctions

15   for a clearly unjustified or improper designation and Section 6, which provides a process by

16   which Plaintiff may challenge a confidentiality designation, including judicial intervention.

17          Ethicon correctly notes that the disputed categories of documents have previously been

18   included in protective orders in this District. *See*, *e.g*., *Tsung Hsu v. Nw. Mut. Life Ins. Co.,* No.

19   2:20-CV-00088-TSZ, 2020 WL 3128559, at *1 (W.D. Wash. June 12, 2020) (payroll, salary,

20   financial documents, marketing/business plans); *New Flyer Indus. Canada ULC v. Rugby*

21   *Aviation, LLC*, No. 2:18-CV-299-RSL, 2019 WL 4167015, at *1–2 (W.D. Wash. Sept. 3, 2019)

22   (marketing, sales, and financials); *Shotwell v. Zillow Gp. Inc.,* No. C17-1387-JCC, 2019 WL

23   PROTECTIVE ORDER - 6

5842932, at *2 (W.D. Wash. Nov. 7, 2019) (payroll; sales data; training and internal policy materials; financial books and records; revenues, costs, expenses, profits, and losses; business plans; confidential information regarding customers, suppliers, and vendors; and product development, design, or specifications); *Bund v. Safeguard Props.*, LLC, No. 2:16-CV-920 JLR, 2017 WL 3492004, at *1 (W.D. Wash. Aug. 14, 2017) (sealing internal company policies and procedures pursuant to protective order covering same); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. 2015) (sealing party's financial projections, marketing strategies, and business plans); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, No. C13-1763JLR, 2015 WL 1263338, at *1 (W.D. Wash. Mar. 18, 2015) (marketing and business plans and financial data and projections); *Sierra Club v. BNSF Ry. Co.*, No. C13-00967-JCC, 2014 WL 5471987, at *3–4 (W.D. Wash. Oct. 29, 2014) (pricing, customer lists, and transportation schedules were vigorously guarded and constituted trade secret properly subject to protective order); *Southwell v. Mortgage Inv'rs Corp. of Ohio, Inc.*, No. C13-1289 MJP, 2014 WL 4384066, at *1 (W.D. Wash. Sept. 3, 2014) (training, marketing, manuals, and policies; personal information of party's customers and employees; and financial information); *Cabell v. Zorro Prods., Inc*., 294 F.R.D. 604, 609–10 (W.D. Wash. 2013) (sales and distribution contracts, agreements and sales data); *DeFreitas v. Tillinghast*, No. 2:12-CV-00235-JLR, 2013 WL 209277, at *4 (W.D. Wash. Jan. 17, 2013) (finances, strategy, competitive market research, and confidential agreements); *Seiter v. Yokohama Tire Corp*., No. C08-5578 FDB, 2009 WL 2461000, at *2 (W.D. Wash. Aug. 10, 2009) (research and development, pricing policies, and confidential business practices).

1   Plaintiff's contention that Ethicon does not need to protect its confidential commercial

2   information because Plaintiff is not a direct competitor is likewise without merit. Plaintiff

3   provides no authority for this proposition. The evidence presented reflects that Ethicon takes

4   measures to guard the confidentiality of its proprietary business information to prevent disclosure

5   to competitors or the public. Dkt. 36, Geier Decl., ¶ 5. Disclosing this information, even to a

6   non-competitor, risks disclosure to the public and competitors and risks waiver and forfeiture of

7   the confidentiality of the documents. *See*, *e.g.*, *United States v. Seugasala*, 670 Fed. Appx. 641,

8   642 (9th Cir. 2016) (internal citations omitted).

9   Ethicon's evidence shows that the documents described in categories (b), (c), and (d)

10   contain information that would be of great value to Ethicon's competitors and would cause

11   significant economic harm to Ethicon if disseminated. Dkt. 36, Geier Decl., ¶ 6. Plaintiff has

12   provided no evidence to the contrary.

13   B.   Upfront Sharing Provision

14   Plaintiff's counsel proposes that the Court enter a "sharing provision," to allow Plaintiff's

15   counsel to use confidential documents obtained during this litigation in "substantially similar

16   cases," as follows:

17   A.   In order to aid discovery efficiency in similar litigation, Plaintiff may
disclose stamped confidential documents or other confidential materials

18   under this Discovery Control Agreement (DCA) to Collateral Litigants
under the terms provided herein. Collateral Litigants in the context of this

19   Protective Order are litigants who:

20   i. have a filed action against any Ethicon entity which alleges injury from
a Surgical Stapler product, and

21

22   ii. which is bound by a confidentiality agreement or protective order which
limits use of confidential information for litigation purposes, only, and

23   PROTECTIVE ORDER - 8

which requires the return or destruction of such information upon the end of the litigation.

B. Prior to disclosure of confidential information to any Collateral Litigant, Plaintiff must provide Defendants with notice of intent to disclose which identifies the collateral litigant by identifying the case style, case name, counsel, and a copy of the confidentiality agreement or protective order in the collateral litigation.

iii. If Defendants, for good cause, believe such disclosure should not take place, Defendants must notify the court in the Collateral Litigation of their objection to the requested disclosure within fourteen (14) days and must provide notice of such objection to Plaintiff.

iv. Failure to provide timely notification of notification to the Collateral Court or to Plaintiff will operate as a waiver of Defendants' objections.

v. If Defendants timely object, consistent with this paragraph. Plaintiff may not make the intended disclosure absent agreement of the Parties, waiver consistent with this Paragraph, or an Order of this Court or the Collateral Court allowing disclosure.

vi. The requirements of paragraph (B) do not apply to Collateral Litigants whom are represented by Plaintiff's counsel. Where Collateral Litigants are represented by Plaintiff's counsel, Parties agree to automatic disclosure.

C.   Alleged violations of confidentiality in any collateral litigation are not within the jurisdiction of this Court.

Dkt. 41, pp. 10-11.

Plaintiff asserts that the use of the discovery obtained in this course of litigation in "substantially similar litigation" will prevent *counsel* from having to reinvent the wheel by repeatedly conducting virtually identical discovery and will increase discovery accountability by allowing parties to compare discovery responses against responses in "substantially similar cases." Dkt. 41, p. 17.  Although Plaintiff's counsel refers repeatedly to "substantially similar cases," he fails to identify any such case. In addition, Plaintiff does not articulate how a sharing

PROTECTIVE ORDER - 9

provision would benefit him in this litigation, but rather only that the sharing provision will expedite counsel's ability to obtain confidential discovery material in other potential litigation.

The Court is aware that the Ninth Circuit strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. *Beckman Industries, Inc. v. International Ins. Co.*, 996 F.2d 470, 475 (9th Cir. 1992) (allowing fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery). Here, however, Plaintiff is seeking a "preemptive" sharing provision that would essentially allow discovery of Ethicon's designated confidential information by as-yet named plaintiffs or potential plaintiffs in as-yet filed collateral litigation. The Court will not grant this request as it would allow counsel to share confidential documents with potential collateral litigants who are not before this Court without first requiring those collateral litigants to seek to modify the protective order and obtain a relevancy determination from the court. In other words, the provision suggested by Plaintiff would circumvent the principles and procedures applicable to "sharing" provisions set forth by the Ninth Circuit in *Foltz*, 331 F.3d 1122.

Accordingly, it is **ORDERED** that the following provisions shall govern the production of confidential, proprietary, or private information for which special protection may be warranted:

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses

PROTECTIVE ORDER - 10

to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This Stipulated Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any provision of this Protective Order. This provision is an essential part of this Protective Order and is not severable from any remaining paragraphs or provisions thereof.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

a)      Plaintiff's medical records and related personal medical information;

b)      Defendants' customer and vendor information including, but not limited to, customer and vendor lists, contracts and/or agreements, marketing and sales policies and procedures;

c)      Defendants' business information or materials, including, but not limited to, correspondence and communications; internal decisions, practices, policies, processes, and procedures; business and marketing plans; employee payroll and salary; inventory reports; licensee information; handbooks and policy manuals; and confidential agreements and contracts;

d)      Defendants' financial records, including but not limited to, balance sheets, income statements, cash flow statements, sales reports and data, accounting records, and profit and loss

PROTECTIVE ORDER - 11

statements;

e)      Proprietary information related to Defendants' business practices and procedures, including but not limited to, policy planning and implementation; product design and drawings; product manufacturing, testing, and quality control/quality assurance; trade secrets or other proprietary research, development or commercial information, including but not limited to business plans of financial information;

f)      Product Inquiry Investigation files;

g)      Private individual personal health or financial information; and

h)      Documents prepared for regulatory agencies, including confidential communications with the FDA. The names and addresses of patients and physicians shall be redacted, as well as all identifying information regarding the reporters in such a manner as not to redact material data contained in such reports and consistent with the requirements of 21 C.F.R. 20.63(f).

It also includes any videos or other ESI pertaining to these same subject areas.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

PROTECTIVE ORDER - 12

Certain documents prepared in compliance with the regulations of the United States Food and Drug Administration contain material that is privileged and confidential under the patient physician privilege or specific federal regulations governing clinical trials and adverse device experience reporting. To protect these privileges, all such documents produced by Ethicon in response to a discovery request shall have redacted all information regarding the patient, physician, and reporter required to be protected by all applicable laws and regulations. Such redaction shall not be done in such a manner as to redact material data contained in such reports. It is the intent of this paragraph to be consistent with the requirements of 21 C.F.R. 20.63(f).

The producing party may redact from production information or material that is protected from disclosure by applicable privilege or immunity, that is governed by any applicable privacy law or regulation, that contains commercially-sensitive or proprietary non-responsive information, or that any order entered in this action allows to be redacted. In preparing document families for production, the producing party also may withhold entire attachments that are wholly non-responsive to any claim or defense and may produce slip-sheets in their place. All redactions must be clearly marked and identified. Any failure to redact information consistent with this paragraph does not waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the information not redacted, the specific document containing that information, or any other produced document.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to

PROTECTIVE ORDER - 13

the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

       4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

       (a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

       (c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

       (d)  the court, court personnel, and court reporters and their staff;

       (e)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

       (f)  during their depositions or pre-trial hearing, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

PROTECTIVE ORDER - 14

Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(i)  any other person mutually-agreed upon by the Parties, provided that such person has been informed of this Stipulated Protective Order and has signed a copy of Exhibit A;

(j)  any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A.

Notwithstanding any other provision of this Stipulated Protective Order, disclosure of Defendants' Confidential Material to a Competitor of that party is prohibited. Plaintiff shall not disclose to a consultant Defendants' Confidential Material without first: (i) making a duly diligent inquiry to confirm that the consultant is not a Competitor of Defendants; and (ii) obtaining from the consultant a written declaration, under penalty of perjury, that he or she is not a Competitor of the designating party. The disclosing party shall retain each consultant's declaration for the Court's in camera review in the event of a dispute between the parties.

4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion

PROTECTIVE ORDER - 15

to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

PROTECTIVE ORDER - 16

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in Documentary Form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Electronically Stored Information ("ESI"): if produced in image form, the designating party shall stamp the word "CONFIDENTIAL" onto each image. For ESI produced in native form, the designating party shall rename each file to include, at the end of the file and prior to the file extension, the term "Confidential."

(c)    Testimony Given in Deposition or Other Pretrial Proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

PROTECTIVE ORDER - 17

transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(d)     Other Tangible Items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

PROTECTIVE ORDER - 18

conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

PROTECTIVE ORDER - 19

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

PROTECTIVE ORDER - 20

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 1st day of December, 2020.


BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

PROTECTIVE ORDER - 21

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of **Anthony Bjornstad v. Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC,**

**Case No. 2:19-cv-01708-RAJ-BAT**. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER - 22